Russell S. Thompson IV (029098)
Joseph Panvini (028359)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@consumerlawinfo.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zachary Landis, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| U.S. Collections West, Inc., | ) |
| | ) |
| Defendant. | ) |

**NATURE OF ACTION**

1.  Plaintiff Zachary Landis ("Plaintiff") brings this action against Defendant U.S. Collections West, Inc. ("Defendant") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.  Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4. "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992).

5. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. *See id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6. "The Supreme Court has held time and again that the violation of a statutory right to receive information one is entitled to receive creates a concrete injury sufficient to confer standing on a plaintiff." *Zia v. CitiMortgage, Inc.*, No. 15-CV-23026, 2016 WL 5369316, at *6 (S.D. Fla. Sept. 26, 2016).

Complaint - 2

7. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

## THE FAIR DEBT COLLECTION PRACTICES ACT

8. Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

9. To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

10. Strict liability enhances "the remedial nature of the statute," and courts are "to interpret it liberally" to protect consumers. *Clark*, 460 F.3d at 1176.

11. "In addition, by making available to prevailing consumers both statutory damages and attorneys' fees, Congress 'clearly intended that private enforcement actions would be the primacy enforcement tool of the Act.'" *Id.* (quoting *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982)).

12. Violations of the FDCPA are assessed under the least sophisticated consumer standard which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*,

660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000).

13.     "An FDCPA Plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* 'least sophisticated debtor' likely would be misled." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1117-8 (9th Cir. 2014) (emphasis in original).

14.     "[B]ecause the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors—repeat players likely to be acquainted with the legal standards governing their industry—to bear the brunt of the risk." *Clark*, 460 F.3d at 1171-72; *see also FTC v. Colgate–Palmolive Co.,* 380 U.S. 374, 393 (1965) ("[I]t does not seem unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.") (internal quotations omitted).

**PARTIES**

15.     Plaintiff is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Tempe.

16.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

17.     Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

18.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

19. Plaintiff is a natural person allegedly obligated to pay a debt owed or due a creditor other than Defendant.

20. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely, a residential lease with Mandarina Apartments (the "Debt").

21. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

22. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

23. On December 12, 2015, Plaintiff entered into a one-year residential lease agreement with Mandarina Apartments that expired on December 31, 2016.

24. The terms of the lease required Plaintiff to provide at least 60-days written notice of intent to move-out.

25. On October 29, 2016, Plaintiff provided Mandarina Apartments with a written notice of Plaintiff's intent to vacate his apartment on December 31, 2016, which was 63 days before Plaintiff's lease expired.

26. A true and correct copy of the October 29, 2016 written notice of intent to vacate is attached to this complaint as Exhibit A.

27. On December 28, 2016, Plaintiff turned his apartment keys over to Mandarina Apartments and was informed that his final bill would be mailed to Plaintiff in about six weeks.

28. To ensure that he would receive the final bill, Plaintiff confirmed that Mandarina Apartments had his correct mailing address.

29. On February 28, 2017, about eight weeks after Plaintiff turned in his apartment keys and had yet to receive any correspondence from Mandarina Apartments, Plaintiff went to the Mandarina Apartments office and inquired about his final bill.

30. At that time, when Plaintiff was informed that his final bill totaled $71.06, Plaintiff wrote Mandarina Apartments a check for the full amount and was provided a receipt showing that Plaintiff's payment in full was for the "final balance."

31. A true and correct copy of the February 28, 2017 receipt is attached to this complaint as Exhibit B.

32. In connection with the collection of the Debt, Defendant sent Plaintiff a letter dated April 3, 2017 listing the amount of the alleged Debt as $4,114.54.

33. A true and correct copy of Defendant's April 3, 2017 letter is attached to this complaint as Exhibit C.

34. Defendant's April 3, 2017 letter was its initial communication with Plaintiff with respect to the Debt.

35. Defendant's April 3, 2017 letter purported to contain the statement of notices required in an initial communication by 15 U.S.C. § 1692g(a).

36. However, Defendant's April 3, 2017 letter does not convey the identity of the creditor to whom Plaintiff's Debt is currently owed in a way the least sophisticated consumer would clearly understand.

37. Nowhere does the letter state that Mandarina Apartments is the creditor of the Debt or the person to whom the Debt is owed.

38. Defendant's April 3, 2017 letter only mentions Mandarina Apartments by stating: "Re: Mandarina Apartments."

39. A least sophisticated consumer would be left to guess or make assumptions that what follows "Re:" is the identity of the current creditor.

40. The least sophisticated consumer may just as reasonably conclude that what follows "Re:" is the identity of the original creditor, given the name "Mandarina Apartments."

41. The fact that Defendant's letter also offers to provide "the name and address of the original creditor if different from the current creditor" implies that the original creditor and the current creditor may be different entities.

42. The consumer may be further confused as to the identity of the current creditor given that the letter also states: "This letter is to inform you that the above mention firm has retained our services." *Id.*

43. The least sophisticated consumer would not likely refer to an apartment complex as a "firm."

44. The consumer may reasonably think that the signer of the letter—an "account representative"—is referring to Defendant as the "above mentioned firm."

Complaint - 7

45. This reasonable belief would be reinforced by the fact that Defendant's letter requests that payment be sent to Defendant at its P.O. Box address and that Defendant may charge Plaintiff a fee.

46. Lastly, the fact that Plaintiff had paid his Debt in full to Mandarina Apartments amplified his confusion as to why they would be the current creditor, as they knew or should have known that Plaintiff had paid his Debt.

47. Instead, Plaintiff was concerned that the Debt might have been acquired by another entity or that Defendant was trying to scam Plaintiff.

48. Thus, Defendant's April 3, 2017 letter failed to meaningfully convey the name of the creditor to whom the alleged Debt is owed.

49. Defendant's letter also ambiguously threatened that Plaintiff "could be reported to a Credit Bureau, if authorized by our client and allowed by law."

50. Defendant's letter further stated that a convenience fee would be charged for payments made by credit card, debit card, or check by phone.

51. The contract creating the Debt does not expressly authorize Defendant to charge a convenience fee for payments made via credit card, debit card, or check by phone.

52. Upon information and belief, no law expressly permits Defendant to charge a convenience fee for payments made via credit card, debit card, or check by phone.

53. In response to Defendant's April 3, 2017 letter, Plaintiff sent Defendant a dispute letter dated April 8, 2017.

54. A true and correct copy of Plaintiff's April 8, 2017 letter is attached to this complaint as Exhibit D.

55. Defendant replied to Plaintiff's dispute letter on April 25, 2017 stating: "We have removed this account from our office regarding Mandarina Apartments as of 04/25/2017. Per our client, this account was referred in error. Credit reporting agencies were not notified."

56. A true and correct copy of Defendant's April 25, 2017 letter is attached to this complaint as Exhibit E.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**

57. Plaintiff repeats and re-alleges every factual allegation above.

58. "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.

59. In addition to this general prohibition, the FDCPA prohibits a debt collector from falsely representing the character, amount, or legal status of any debt.  15 U.S.C. § 1692e(2)(A).

60. This subsection does not depend on the debt collector's knowledge, but instead "creates a strict-liability rule. Debt collectors may not make false claims, period." *Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004); *see also Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006) ("Requiring a

violation of § 1692e to be knowing or intentional needlessly renders superfluous § 1692k(c).").

61. Defendant violated 15 U.S.C. 1692e(2)(A) by falsely representing that Plaintiff owed a principal balance on the Debt of $4,113.10, when in fact the principal balance of the Debt was at most $71.06, and in fact $0.00 as Plaintiff had paid the Debt in full; and by falsely representing that Defendant was entitled to charge interest on that balance, some of which had already accrued.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(B)

62. Plaintiff repeats and re-alleges every factual allegation above.

63. A debt collector may not falsely represent "any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. § 1692e(2)(B).

64. Defendant violated 15 U.S.C. 1692e(2)(B) by falsely representing that it could collect convenience fees and interest, when Defendant was not lawfully entitled to do so.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(B);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

**COUNT III**
**VIOLATION OF 15 U.S.C. § 1692e(10)**

65. Plaintiff repeats and re-alleges every factual allegation above.

66. The FDCPA includes a catch-all prohibition on the use of any false or deceptive representations or means. 15 U.S.C. § 1692e(10).

67. "A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011) (internal alteration omitted).

68. In addition to the false representations specifically listed above, Defendant also violated 15 U.S.C. § 1692e(10) because its April 3, 2017 letter is vague or ambiguous as to the identity of the current creditor, and therefore the letter is deceptive as a matter of law.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

**COUNT IV**
**VIOLATION OF 15 U.S.C. § 1692f(1)**

69. Plaintiff repeats and re-alleges every factual allegation above.

70. The FDCPA also generally prohibits the use of any "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

71. In addition to this general prohibition, the FDCPA lists eight forms of conduct that constitute an unfair or unconscionable means to collect a debt including, "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

72. Defendant violated 15 U.S.C. § 1692f(1) by attempting to charge Plaintiff convenience fees and interest.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692g(a)

73. Plaintiff repeats and re-alleges every factual allegation above.

74. A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

75. Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

76. This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

77. "Viewed from the perspective of the least sophisticated consumer, the Validation Notice must effectively convey the identity of the creditor." *Youssofi v. CMRE Fin. Servs., Inc.*, No. 15CV2310 JM(WVG), 2016 WL 4098312, at *3 (S.D. Cal. Aug. 2, 2016).

78. Defendant violated 15 U.S.C. § 1692g(a)(2) by failing to meaningfully convey in its April 3, 2017 letter the name of the creditor to whom the Debt is owed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

Complaint - 14

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

79. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: August 22, 2017                Respectfully submitted,

                                          s/ Russell S. Thompson, IV
Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@consumerlawinfo.com

                                          s/ Joseph Panvini
Joseph Panvini (028359)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com

                                          Attorneys for Plaintiff